**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30228 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-02092-LRS-11 |
| v. | |
| ARIANNA ROSALES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted August 30, 2016
Seattle, Washington

Before: GOODWIN, SCHROEDER, and McKEOWN, Circuit Judges.

Arianna Rosales appeals her jury conviction for conspiracy to steal casino

funds in excess of $1000, in violation of 18 U.S.C. §§ 371 and 1167(b); theft from

a gaming establishment in excess of $1000, in violation of § 1167(b); and theft

from a gaming establishment in an amount less than $1000, in violation of

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 1167(a). The convictions arose out of a fraudulent scheme in which Rosales kicked back winning proceeds of casino drawings in which she never participated. The scheme was orchestrated by two casino employees.

Rosales contends that the district court should have granted her motion for acquittal or new trial because the evidence was insufficient to establish a single conspiracy. She contends there were multiple conspiracies. Her theory is flawed. Multiple conspiracies require multiple agreements and purposes. *United States v. Taren-Palma*, 997 F.2d 525, 530 (9th Cir. 1993) (per curiam). Here, the same co-conspirators were involved in the entire scheme and there was one overall agreement. *See United States v. Patterson*, 819 F.2d 1495, 1502 (9th Cir. 1987).

The evidence of the prior "Hot Seats" promotion was admissible under Fed. R. Evid. 404(b).

**AFFIRMED**.